IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| MOOG INC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25CV291 (RCY) |
| | ) | |
| TURBOCHEF TECHNOLOGIES, INC., | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This is a five-count contract dispute action brought by Plaintiff Moog Inc. ("Moog" or "Plaintiff"), wherein Plaintiff alleges that Defendant TurboChef Technologies, Inc. ("TurboChef" or "Defendant") improperly cancelled purchase orders and withheld payments owed to Plaintiff. The case is before the Court on Defendant's Motion to Dismiss regarding Counts III, IV, and V. The motion has been fully briefed, and the Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons stated below, the Court finds it appropriate to grant in part and deny in part Defendant's Motion to Dismiss.[1]

**I. RELEVANT PROCEDURAL HISTORY**

On April 15, 2025, Plaintiff filed its Complaint. Compl., ECF No. 1. On August 11, 2025, pursuant to an authorized extension, Defendant filed a Motion to Dismiss for Failure to State a Claim, ECF No. 22; a Memorandum in Support thereof, ECF No. 23; and an Answer, ECF No. 24. Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss, ECF No. 28,

---

[1] On March 26, 2026, the Court issued an Order granting-in-part and denying-in-part the Motion to Dismiss, promising an opinion to follow. Order, ECF No. 36. This Memorandum Opinion explains the Court's reasoning underpinning that Order.

on September 2, 2025.  On September 15, 2025, Defendant filed its Reply, ECF No. 32, rendering the Motion to Dismiss ripe for review.

## II. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Megaro v. McCollum*, 66 F.4th 151, 157 (4th Cir. 2023) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).  Federal Rule of Civil Procedure 8 only requires that a complaint set forth "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," "detailed factual allegations" are not required in order to satisfy the pleading requirement of Federal Rule 8(a)(2). *Id.* (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Labels and conclusions," a "formulaic recitation of the elements," and "naked assertions" without factual enhancement are insufficient. *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court "accept[s] as true the plaintiff's well-pleaded allegations and views all facts and draws all reasonable inferences in the

light most favorable to plaintiff." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Such a standard, however, does not require accepting any unreasonable inferences or a plaintiff's legal conclusions. *Id.* Additionally, a court may consider any documents attached to the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Applying these standards, the Court construes the facts in the Complaint in this case, including any attached documents, as follows.

### III. FACTUAL ALLEGATIONS

Plaintiff is a designer and manufacturer of precision motion control products and systems; Defendant designs, develops, and markets high-speed cooking systems and food service equipment. Compl. ¶¶ 11–12. The parties entered into a series of blanket purchase orders in January 2020. *Id.* ¶ 14. From January 2020 until August 2024, Defendant continued to purchase motors from Plaintiff, and Plaintiff continued to manufacture and deliver them. *Id.* ¶¶ 18–19. In March and April 2024, the parties were in contact about current purchase order quantities and the possibility of changing those quantities. *Id.* ¶¶ 36–41, 47–51. While these discussions were ongoing, Plaintiff made clear that Defendant's requested changes had not been accepted. *Id.* ¶ 60. The parties continued to discuss the open purchase orders and estimated times of production through July 2024. *Id.* ¶ 78. By August 2024, Plaintiff transitioned Defendant's product lines to Plaintiff's new facility because Plaintiff had not received any cancellation notices from Defendant. *Id.* ¶¶ 76–77, 79–80. At the end of September 2024, Defendant informed Plaintiff that all orders were cancelled, despite Plaintiff still not having received any formal cancellations. *Id.* ¶¶ 83, 91. Plaintiff demanded payment, but Defendant did not pay for the open purchase orders, nor the deliveries that Defendant had already accepted. *Id.* ¶¶ 92–95, 125–26. Now, Plaintiff seeks $5,600,000 for all open purchase orders with Defendant and $363,244 for the product that

3

Defendant accepted but has not paid for, plus interest and associated costs and fees. *Id.* ¶¶ 109, 130.

## IV. ANALYSIS

Plaintiff brings five claims against Defendant, all arising from alleged non-performance of purchase orders between the parties: (I) breach of contract; (II) breach of contract regarding accounts receivable; (III) conversion; (IV) breach of implied covenant of good faith and fair dealing; and (V) unjust enrichment. Compl. ¶¶ 1–2. Defendant seeks dismissal of Counts III–V. Mem. Supp. 1. Defendant argues Count III should be dismissed because Plaintiff cannot bring a tort claim when the duty arises from a contract, and, here, only a contractual duty exists. *Id.* at 6–8. Next, Defendant argues Count IV should be dismissed because neither Virginia nor Georgia[2] recognizes an independent cause of action for breach of the implied duty of good faith and fair dealing. *Id.* at 9. Lastly, Defendant argues Count V should be dismissed because the existence of the purchase orders defeats a claim for unjust enrichment. *Id.* at 11–12.

### A. Count III (Conversion) Fails as a Matter of Law

Plaintiff alleges in Count III that since Defendant wrongfully retained products (specifically, motors and related parts) that it had not paid for in accordance with the purchase orders, Plaintiff was wrongfully deprived of its right to possess the products. Compl. ¶¶ 121–28. Defendant argues that Plaintiff cannot bring a conversion claim because it is barred by the source of duty rule and economic loss rule, which preclude a tort action when a party owes only contractual duties. Mem. Supp. 6–8. The Court agrees.

---

[2] Plaintiff and Defendant dispute whether the terms of the purchase orders are governed by Virginia or Georgia law. *See* Mem. Supp. 2–5; Mem. Opp'n 9. However, the outcome regarding the three counts addressed below is the same regardless of which state's law is applied. *See infra* Sections IV.A–C. Therefore, the Court need not—and does not—decide the governing law issue today in resolving the instant Motion to Dismiss. *World Fuel Servs. Trading v. Hebei Prince Shipping Co.*, 783 F.3d 507, 514 (4th Cir. 2015) (determining that a court "need not resolve the choice-of-law question, [when] it makes no discernible difference to the relevant analysis in the case at bar" (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 838 n.20 (1985) (Stevens, J., concurring in part and dissenting in part))).

To make out a *prima facie* case for conversion, Plaintiff must allege:  (1) the defendant had a common law duty to the plaintiff beyond a duty existing through contract; and (2) the duty was tortiously or negligently breached.  *Condo. Servs., Inc. v. First Owners' Ass'n of Forty Six Hundred Condo., Inc.*, 709 S.E.2d 163, 171 (2011).  Both Virginia and Georgia state courts have indicated that "[a]ny distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as conversion."  *Id.*; *accord Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1379 (N.D. Ga. 2012).

The source of duty rule and economic loss rule consider whether there is a common law duty to a plaintiff beyond a duty existing through contract.  The source of duty rule precludes a party from recovering under tort law from a defendant's breach of contract when no duty outside of the contract would require such action.  *See Landfall Trust LLC v. Fid. Nat'l Title Ins. Co.*, 647 F. Supp. 3d 464, 473 (E.D. Va. 2022); *accord Fielbon Dev. Co. v. Colony Bank of Hous. Cnty.*, 660 S.E.2d 801, 808 (Ga. Ct. App. 2008) (citing *Brookview Holdings v. Suarez*, 645 S.E.2d 559 (Ga. Ct. App. 2007)) ("[I]t is axiomatic that a single act or course of conduct may constitute not only a breach of contract but an independent tort as well, if in addition to violating a contract obligation[,] it also violates a duty owed to plaintiff independent of a contract to avoid harming him.").  The economic loss rule precludes a party from recovering damages under tort law for "disappointed economic expectations assumed only by agreement."  *Landfall Trust LLC*, 647 F. Supp. 3d at 474; *accord D.J. Powers Co. v. Peachtree Playthings, Inc.*, 820 S.E.2d 217, 222 (Ga. Ct. App. 2018) (quoting *Gen. Elec. Co. v. Lowe's Home Centers*, 608 S.E.2d 636 (Ga. 2005) ("The 'economic loss rule' generally provides that a contracting party who suffers purely economic losses must seek his remedy in contract and not in tort.").

Here, Plaintiff alleges that Defendant was required to pay for the products manufactured and delivered by Plaintiff based on the purchase orders.  Compl. ¶¶ 121–23.  Therefore,

Defendant's duty to pay for the products arose from the purchase orders and would be a contractual duty.[3]  The source of duty rule therefore prevents recovery under tort law.  Further, Plaintiff is seeking to recover economic losses that arose from the purchase orders.  Compl. ¶ 123–26.  Therefore, recovery in tort is barred by the economic loss rule.  Because Plaintiff does not allege a breach of duty or economic loss beyond those implicated by the purchase orders, Plaintiff fails to allege facts necessary to support an essential element of a conversion claim.  Accordingly, it is appropriate to dismiss Count III.

**B. Count IV (Breach of the Implied Covenant of Good Faith) Survives the Motion to Dismiss**

Plaintiff alleges in Count IV that Defendant acted dishonestly in its communication with Plaintiff when discussing the existence and termination of the purchase orders and in failing to pay for delivered products.  Compl. ¶¶ 78, 84, 88–89, 131, 138–39.  Defendant argues that Virginia and Georgia do not recognize the implied covenant of good faith and fair dealing as an independent cause of action and, even if it were so recognized, Plaintiff has failed to show that Defendant acted in bad faith or dishonestly.  Mem. Supp. 9–11.  The Court is not persuaded by Defendant's arguments.

"In Virginia, 'every contract contains an implied covenant of good faith and fair dealing.'" *Brainchild Surgical Devices, LLC v. CPA Glob. Ltd*., 144 F.4th 238, 251 (4th Cir. 2025) (quoting *Wolf v. Fed. Nat'l Mortg. Ass'n*, 512 F. App'x 336, 345 (4th Cir. 2013)).  "Under that implied covenant, when a party exercises contractual rights, it may not do so dishonestly or in bad faith." *Id.*  "A breach of the implied duty of good faith and fair dealing must be raised in a claim

---

[3] While Plaintiff attempts to argue that it has pled conversion in the alternative to Count I (breach of contract) because the existence of a contract has not yet been proven, Plaintiff did not actually invoke alternative theories.  The Complaint does not employ the word "alternative" even once.  *See generally* Compl.  Also, Defendant "does not contest that TurboChef issued purchase orders that were accepted by Moog" and advances its own contract-based counterclaims.  Mem. Supp. 12; Mem. Opp'n 5; Answer 43–47.  Therefore, between the contracts attached as exhibits to the Complaint and Defendant's no-contest representations, the existence of contractual agreements is not in dispute such that Plaintiff can simultaneously advance a tort claim of conversion.

for breach of contract, as opposed to a claim in tort." *Stoney Glen, LLC v. S. Bank & Tr. Co.*, 944 F. Supp. 2d 460, 465 (E.D. Va. 2013). "In Virginia, the elements of a claim for breach of an implied covenant of good faith and fair dealing are (1) a contractual relationship between the parties, and (2) a breach of the implied covenant." *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443, 450 (E.D. Va. 2009). Generally, plaintiffs properly plead their claim when they allege "bad faith and unfair dealing." *Id.* at 451. Courts applying Virginia law recognize that a plaintiff may *plead* an implied covenant claim alongside a breach of contract claim, even where the two claims are predicated on identical facts—they just cannot ultimately *recover* on both. *E.g.*, *USI Ins. Servs., LLC v. Ellis*, 2023 U.S. Dist. LEXIS 33020, at *6, 15 (E.D. Va. Feb. 27, 2023) (acknowledging the identical allegations underlying an express breach of contract claim and a claim for breach of the implied warranty of good faith and fair dealing but denying the motion to dismiss while forecasting that the various breach of contract claims would "boil down" by a later stage in the litigation); *cf. Brainchild*, 144 F.4th at 252 (noting, "[w]e see nothing in Virginia law that permits a claim for breach of the implied covenant of good faith and fair dealing that simply duplicates a claim for an express breach of the contract," and affirming the *summary judgment* dismissal of the implied covenant claim).

Defendant is correct both that the implied covenant claim is merely a variation of a breach of contract action and that Plaintiff asserts the same allegations as the basis for both its breach of contract claim and its claim for breach of the implied covenant of good faith and fair dealing. However, the same allegations satisfy the elements of a claim for breach of the implied covenant because they describe (1) a contract, and (2) a breach of the implied covenant by way of Defendant's alleged bad faith refusal to recognize the existence of the purchase orders and/or refusal to pay for delivered parts. Compl. ¶¶ 84, 88–89, 138–39. Therefore, Plaintiff has not failed to state a claim under Virginia law with respect to Count IV.

Georgia state law also recognizes that "[e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement." *Ahmed v. Air France-KLM*, 165 F. Supp. 3d 1302, 1313–14 (N.D. Ga. 2016). And Georgia similarly allows a breach of the implied covenant of good faith and fair dealing to be pled simultaneously with a breach of contract claim. *See Cobb Cnty. Bd. of Comm'rs v. Travelers Prop. Cas. Co. of Am.*, 2025 U.S. Dist. LEXIS 259234, at *5 (N.D. Ga. May 12, 2025). Under Georgia state law, to state a claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must "set forth facts showing a breach of an actual term of an agreement. General allegations of breach of the implied duty of good faith and fair dealing not tied to a specific contract provision are not actionable." *Am. Casual Dining, L.P. v. Moe's Southwest Grill, LLC*, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F. 2d 1414, 1429 (11th Cir. 1990)).

Here, Plaintiff alleges that Defendant failed to pay for products in accordance with the purchase orders—conduct which would be a violation of an actual term of the parties' agreements. Compl. ¶¶ 138–40. Therefore, Plaintiff has sufficiently alleged a breach of an actual term of the purchase order(s) in violation of the implied covenant of good faith and fair dealing, consistent with the requirements to state such a claim under Georgia law.

Because Plaintiff has sufficiently alleged facts to support Count IV under Virginia or Georgia law, the Court will not dismiss the claim. That being said, if the Court ultimately determines that Virginia law shall govern this dispute, and if Plaintiff's express breach of contract and breach of the implied covenant claims remain factually duplicative by the summary judgment stage, Plaintiff will not be able to pursue both. *See Brainchild*, 144 F.4th at 252; *USI Ins. Servs., LLC*, 2023 U.S. Dist. LEXIS 33020, at *6. If the Court ultimately decides that Georgia law shall govern this dispute, it is possible that the breach of contract and the breach of the implied covenant claims can advance in tandem. *See Blacklick Hotspot Corp. v. Mansfield Oil Co.*, 2023 U.S. Dist.

LEXIS 178105, at *44 (N.D. Ga. Aug. 14, 2023) (citing *Ahmed*, 165 F. Supp. 3d at 1314–15 (N.D. Ga. 2016)) (allowing a good faith and fair dealing claim to survive summary judgment when there was also a breach of contract claim continuing past the summary judgment phase).  As a result, Count IV survives at this stage of litigation, regardless of which body of law applies.

**C. Count V (Unjust Enrichment) Fails as a Matter of Law**

Plaintiff alleges in Count V that Defendant received a benefit from Plaintiff manufacturing Defendant's parts prior to distribution, and Defendant was unjustly enriched when Plaintiff delivered parts to Defendant for which Defendant did not subsequently pay according to the terms of the purchase order(s).  Compl. ¶¶ 145–59, 161–67.  Defendant argues that Plaintiff cannot bring a claim for unjust enrichment because the existence of the purchase orders defeats the requirement that no contract exist between the parties.  Mem. Supp. 11.  The Court agrees with Defendant's assessment with respect to Count V.

To make out a *prima facie* case for unjust enrichment, Plaintiff must allege: (1) "[plaintiff] conferred a benefit on [defendant]"; (2) "[defendant] knew the benefit and should reasonably have expected to repay [plaintiff]"; and (3) "[defendant] accepted or retained the benefit without paying for its value."  *T. Musgrove Constr. Co. v. Young*, 840 S.E.2d 337, 341 (Va. 2020) (quoting *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834 (Va. 2008)); *accord Engram v. Engram*, 463 S.E.2d 12, 15 (Ga. 1995).  Unjust enrichment requires that there not be a legal contract between the parties. *Ray v. Atl. Union Bank*, 791 F. Supp. 3d 655, 660 (E.D. Va. 2025) ("[A] condition precedent to the assertion of [unjust enrichment] is that no express contract exist between the parties."); *accord Ceasar v. Wells Fargo Bank, N.A.*, 744 S.E.2d 369, 374 (Ga. Ct. App. 2013) ("The existence of this written contract precludes [the party's] unjust enrichment claim.").  Nevertheless, a plaintiff can plead unjust enrichment in the alternative to a breach of contract claim "where the validity or existence of an express contract governing the plaintiff's claims is in dispute."  *Com. & Indus. Ins.*

9

*Co. v. Advance Tech., Inc.*, 2009 U.S. Dist. LEXIS 140858, at *3 (E.D. Va. Oct. 6, 2009); *accord*

*Tidikis v. Network for Med. Commc'n & Rsch. LLC*, 619 S.E.2d 481, 485 (Ga. Ct. App. 2005)

(describing a claim for unjust enrichment as "an alternative theory of recovery if a contract claim

fails.").

Here, Plaintiff alleges that the parties entered into purchase orders that were the basis for

Plaintiff manufacturing the products for Defendant and for Defendant to pay Plaintiff.  Compl.

¶¶ 144–46.  As alleged, such purchase orders constitute contracts.  Defendant does not contest the

existence of these purchase orders as contracts and in fact accepts the factual premise that

contract(s) exist, by advancing its own contract-based counterclaims.  Mem. Supp. 12; *see* Answer

43–47.  Therefore, Plaintiff is precluded from pleading unjust enrichment in the alternative to its

breach of contract claim, as the existence of the purchase orders prevents the unjust enrichment

claim as a matter of law.  *See Ray*, 791 F. Supp. at 660; *Ceasar*, 744 S.E.2d at 374.  Ultimately,

because there is no dispute over the existence of at least one contract governing the relationship

between the parties, dismissal is appropriate as to Count V.

## V. CONCLUSION

For the reasons detailed above, Defendant's Motion to Dismiss is granted in part and denied

in part.  Counts III and V are dismissed.  The case otherwise proceeds on the basis of Counts I, II,

and IV, and on Defendant's two-count Counterclaim.

Let the Clerk file this Memorandum Opinion electronically, notifying counsel accordingly.

Date: <u>April 13, 2026</u>
Richmond, Virginia

/s/ *RCY*
Roderick C. Young
United States District Judge

10